IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| UNITED STATES OF AMERICA, | CR 14–13–BU–DLC |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| MELISSA A. WALLACE, | |
| Defendant. | |

Before the Court is Defendant Melissa A. Wallace's ("Wallace") motion for early termination of probation pursuant to 18 U.S.C. § 3564(c). Wallace was charged in a three count indictment with Wire Fraud, in violation of 18 U.S.C. § 1343, Theft of Government Property, in violation of 18 U.S.C. § 641, and False Statement, in violation of 18 U.S.C. 1001(a)(2), (3). Per her plea agreement, Wallace ultimately pled guilty to a later filed superseding information which charged one count of misdemeanor theft of government property in violation of 18 U.S.C. § 641. On September 26, 2014, this Court sentenced Wallace to five years probation and ordered restitution in the amount of $14,866.25. Now, upon completion of roughly half her probationary sentence, Wallace moves for early termination. The Government opposes the motion. For the reasons described below, the Court will deny Wallace's motion.

In support of the motion, Wallace states that: (1) she has complied fully with the terms of both her state and federal probation; (2) there has been no report that she has violated the terms of her supervision; (3) she has fully paid her restitution obligation; and (4) she is currently employed. Wallace also contends that the Judicial Conference Committee on Criminal Law has created a presumption that early termination should be recommended when four factors are met: (1) the releasee has been on supervision for at least 18 months; (2) the releasee is not a career violent or drug offender, sex offender, or terrorist; (3) the releasee does not present an identifiable risk to the public or to any victims; and (4) the releasee has no moderate or high severity violations. (Doc. 42 at 6) (citing *Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 380.10).) Wallace contends that she has met all these conditions and early termination of her probation is warranted.

Federal law provides that a court may "terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). Courts should consider the factors set forth in section 18 U.S.C. § 3553(a) in deciding whether to terminate a term of probation. *Id.*

Here, the Court finds that although Wallace's conduct during her probationary sentence has been satisfactory, the interests of justice do not warrant

early termination of her sentence. Primarily, the Court concludes that Wallace is not a good candidate for early termination because of the criminal conduct surrounding her conviction for misdemeanor theft of government property. Over the course of nearly four years, Wallace made multiple false statements to state public assistance agencies in order to unlawfully obtain assistance benefits. (Doc. 35 at 4.) During this time period, Wallace received approximately $19,323 in unentitled benefits while earning approximately $60,000 a year. (*Id.*) Further, Wallace's conviction was not an isolated instance as her criminal history is replete with examples of fraudulent conduct. (*Id.* at 6–8.) Under these circumstances, a five year probationary sentence adequately serves the interests of justice.

Accordingly, IT IS ORDERED that Defendant Melissa A. Wallace's Motion for Early Termination of Probation (Doc. 41) is DENIED.

DATED this 31st day of May, 2017.

Dana L. Christensen, Chief Judge
United States District Court